# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| EXPO PETROLEUM OIL AND GAS | § | Civil Action No. 4:24-cv-35 |
| USA, LLC; MAYOMI OLOOTU; JAMES | § | Judge Mazzant |
| UDUAK UBOM; ARCHER TACTICAL | § | |
| GROUP; ARCHER ENERGY | § | |
| CORPORATION; DAVID TOLLAKSEN; | § | |
| and JIM TRICE, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is James Uduak Ubom's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #83). Also before the Court is Ubom Law Group, PLLC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #85). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds that the Motions should be **DENIED**.

## BACKGROUND

Plaintiff Xlink Resource Group, LLC alleges that it was the victim of a multi-year fraud scheme (Dkt. #61 at ¶ 1). According to Plaintiff, Defendants conspired to falsely represent that they would sell two million barrels of oil from the Nigerian National Petroleum Corporation (Dkt. #61 at ¶ 1). In the transaction, Plaintiff was to act as an intermediary on behalf of a buyer (Dkt. #61 at ¶ 2). As an intermediary, Plaintiff spent approximately $700,000 for transaction deposits and testing fees (Dkt. #61 at ¶ 2). Throughout the negotiations, Plaintiff alleges that

Defendants presented it with counterfeit documents so that the conspirators could create the illusion of a legitimate deal and defraud Plaintiff (Dkt. #61 at ¶¶ 2–3).

Plaintiff filed its Original Complaint on January 1, 2024, alleging violations of the Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law fraud (Dkt. #61 at ¶¶ 62–92). The Original Complaint named James Uduak Ubom ("Ubom"), among others, as a defendant; however, the Original Complaint omitted Ubom Law Group as a co-defendant (*See* Dkt. #1). On August 13, 2024, Plaintiff served one of Ubom's employees at his law office (Dkt #52). On September 17, 2024, Ubom filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for none or insufficient service of process (Dkt. #56).

While Plaintiff sought to properly serve Ubom, it filed its First Amended Complaint on October 16, 2024 (Dkt. #61). The First Amended Complaint is largely the same as the Original Complaint, but it adds defendants to the lawsuit, including Ubom Law Group (*Compare* Dkt. #1, *with* Dkt. #61). Further, in response to Ubom's Motion to Dismiss, Plaintiff filed a Motion Requesting Alternative Method of Service, which the Court granted (Dkt. #79; Dkt. #80).[1] Service was perfected on Ubom on January 11, 2025 (Dkt. #80; Dkt. #84). After Ubom was served with the First Amended Complaint, he filed a Motion to Dismiss for Lack of Personal Jurisdiction on January 30, 2025 (Dkt. #83). Ubom Law Group filed an identical Motion to Dismiss that same day (Dkt. #85). Plaintiff responded to Ubom Law Group's Motion on February 14, 2025, and Ubom's Motion on February 19, 2025 (Dkt. #89; Dkt. #91).

---

[1] Plaintiff attests that it attempted to serve Ubom multiple times, but that it could not do so because Ubom was dodging and fleeing from the process server (Dkt. #79).

## LEGAL STANDARD

### I.    Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

### II.    Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident

defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm

statute confers personal jurisdiction over the defendant. *Id.* Second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted). However, "vague and overgeneralized assertions that give no indication as to the extent,

duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id.*

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental

social policies. *Burger King*, 471 U.S. at 477. "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

### III.    12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)).

### ANALYSIS

Ubom and Ubom Law Group filed identical Motions to Dismiss (Dkt. #83; Dkt. #85). Through those Motions, they seek to dismiss the claims against them based on a lack of subject matter jurisdiction, lack of personal jurisdiction, and under Federal Rule of Civil Procedure 12(b)(5) (Dkt. #83; Dkt. #85). While Ubom and Ubom Law Group raise these challenges, they only provide argument over the lack of personal jurisdiction (*See* Dkt. #84; Dkt. #85). Plaintiff notes that Ubom and Ubom Law Group only provide argument as to the lack of personal jurisdiction (*See* Dkt. #89; Dkt. #91). Thus, Plaintiff only addresses the Court's personal jurisdiction over Ubom and Ubom Law Group (*See* Dkt. #89; Dkt. #91). The Court will address each challenge in turn,

beginning with the whether the Court has subject matter jurisdiction. Next, the Court will address personal jurisdiction. Finally, the Court will address the invocation of Rule 12(b)(5). Ultimately, the Court finds that it has jurisdiction and the 12(b)(5) challenge falls flat.

## I.     Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction in one line: "Defendant moves . . . to dismiss the Complaint for lack of subject matter jurisdiction." (Dkt. #83 at ¶ 1; Dkt. #85 at ¶ 1). Plaintiff brought this case under 18 U.S.C. § 1962, the Civil RICO statute (*See* Dkt. #61). The Court obviously has subject matter jurisdiction as these claims arise under federal law. 28 U.S.C. § 1331 ("district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see, e.g.*, *Farmer v. D&O Contractors, Inc.*, 40 F. Supp. 3d 793, 796 (N.D. Miss. 2014). Further, the Court has supplemental jurisdiction over Plaintiff's remaining claims as they are "so related that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the Court finds that it has subject matter jurisdiction.

## II.    Personal Jurisdiction

### A.     Defendant Ubom

Ubom argues that the Court lacks personal jurisdiction over him (Dkt. #83). Plaintiff responds by arguing that Ubom waived any personal jurisdiction challenged by not raising it in his first 12(b) motion (Dkt. #91 at ¶¶ 3–6). The Court agrees with Plaintiff. A motion to dismiss for lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2), must be asserted in the first 12(b) motion or answer; otherwise the motion is waived. FED. R. CIV. P. 12(h); *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 285 n.1 (5th Cir. 2008). Federal Rule of Civil Procedure 12(g) provides that "a party that makes a motion under this rule must not make another motion under

this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2). Here, Ubom raised a 12(b)(5) motion to dismiss for none or insufficient service on September 16, 2025 (Dkt. #56). The Court denied that Motion on March 24, 2025 (Dkt. #93). In his 12(b)(5) Motion, Ubom did not raise a challenge to personal jurisdiction (*See* Dkt. #56). Accordingly, Ubom waived his challenge to personal jurisdiction under Rule 12(b)(2) by failing to raise that challenge in his first 12(b) motion. *Id.*; FED. R. CIV. P. 12(h); *Stroman Realty*, 528 F.3d at 285 n.1. Thus, the Court finds that Ubom's Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

### B.    Defendant Ubom Law Group, PLLC

Ubom Law Group argues that the Court lacks personal jurisdiction over it because it has never conducted any business in the state of Texas, nor has it otherwise availed itself of Texas' laws (Dkt. #85 at ¶ 2). In response, Plaintiff argues that the Court has personal jurisdiction based on the Civil RICO statute's nationwide service of process provision (Dkt. #89 at ¶¶ 3–7, 18) (citing 18 U.S.C. § 1965). Additionally, Plaintiff argues that Ubom Law Group has done business in the state of Texas because it received wire transfers from Plaintiff when it acted as the escrow agent in the allegedly fraudulent transaction (Dkt. #89 at ¶¶ 8–12). The Court agrees with Plaintiff that the Civil RICO statute provides for personal jurisdiction over Ubom Law Group.

Generally, federal courts establish personal jurisdiction over a defendant based on their minimum contacts with the forum state. *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 685 (E.D. Tex. 2020). However, an exception arises when a case is brought under a federal statute that contains a nationwide service of process provision. *Id.* (citing *Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1258 (5th Cir. 1994). The RICO statute is one such statute, which provides that:

9

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

(b) In any action under 1964 of this chapter in any district court of the United States in which it is shown that the end of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

(c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, subpenas issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such subpena shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.

(d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965.

The Fifth circuit has not yet identified which subsection of 18 U.S.C. § 1965 provides the authority for nationwide service of process. *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Sup. 2d 765, 779 (N.D. Tex. 2008). Further, there is currently a Circuit split over the matter. *See, e.g.*, *id.* (noting the Circuit split); *ESPOT*, 492 F. Supp. 3d at 685 (same). The majority of the Circuits hold that § 1965(b) confers nationwide service of process.[2] *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 71 (2d Cir. 1998); *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 119–21 (3d Cir. 2020); *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538–39 (9th Cir. 1986); *Cory v. Aztec Steel Bldg., Inc.*, 468

---

[2] The Fifth Circuit appears to have tacitly endorsed the majority approach. *See ESPOT*, 492 F. Supp. 3d at 685 n.2 (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 918 (5th Cir. 1987)).

F.3d 1226, 1230–31 (10th Cir. 2006); *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1099 (D.C. Cir. 2008). On the other hand, the minority looks to section 1965(d) as authorizing nationwide service of process. *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626–27 (4th Cir. 1997); *Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). The distinction between the two views is important because it determines whether personal jurisdiction is established over a defendant who has minimum contacts with the United States or whether there is a prerequisite to use nationwide service of process for personal jurisdiction. *ESPOT*, 492 F. Supp. 3d at 685.

The Court finds that it should adopt the majority approach for two reasons. First, a majority of district courts in the Fifth Circuit have already adopted the majority view. *See, e.g.*, *id.* at 685–86; *Energium Health v. Gabali*, No. 3:21-CV-2951, 2023 WL 6202043, at \*4 (N.D. Tex. Sept. 22, 2023); *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 970 (M.D. La. 2020); *Farmer*, 40 F. Supp. at 798. Second, the Second Circuit's discussion of the majority approach entails a review of the entire statutory scheme and language, something that the minority approach omits. *See PT United*, 138 F.3d at 71–72. As the Second Circuit's approach in *PT United* gives meaning to the entire statute, the Court will follow that approach. *See id.* Under the *PT United* framework, the first step is to utilize § 1965(a), which "grants personal jurisdiction over an initial defendant in a civil RICO case" in the place where the defendant resides, has an agent, or transacts its affairs. *Id.* In other words, the initial defendant must meet the traditional minimum contacts test. *Id.* If this threshold is met, then the Court can proceed to step two, which uses 1965(b) to analyze whether the "ends of justice" requires nationwide service of process and personal jurisdiction over a party. *Id.*

Currently, the Court has personal jurisdiction under the minimum contacts test as to at least two defendants. Defendant Expo Petroleum Oil & Gas USA, LLC is a limited liability company formed and located in the state of Texas (Dkt. #61 at ¶ 12). Additionally, the First Amended Complaint alleges that the business relationship between Expo and Plaintiff took place in Texas, which is sufficient for the minimum contacts test. *See, e.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Moreover, the Court has general personal jurisdiction over Defendant Mayomi Olootu because he is a Texas resident. 18 U.S.C. § 1965(a). Accordingly, the first step is met.

As to the second step, the question is whether the "ends of justice" requires nationwide service of process and personal jurisdiction. *See PT United*, 138 F.3d at 71–72. The meaning of the term "ends of justice" is currently unresolved in the Fifth Circuit. *ESPOT*, 492 F. Supp. 3d at 686. Some district courts have adopted the Ninth Circuit's test from *Butcher's Union*, which requires plaintiffs to "show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." 778 F.2d at 539. Others have followed the Tenth Circuit's decision in *Cory*, which declined to impose a narrow view of term in light of the congressional directive to "liberally construe[] [RICO] to effectuate its remedial purposes." 468 F.3d at 1231–32.

The Court need not wade into this debate, as it is not apparent from the pleadings or the record that there is one forum that will certainly have personal jurisdiction over all Defendants as to the RICO claim. *See ESPOT*, 492 F. Supp. 3d at 686. According to the First Amended Complaint, the various defendants in this lawsuit include residents of eight states (Texas, Virginia, Florida, Maryland, Utah, Washington, Georgia, and the District of Columbia) and two foreign countries (the United Kingdom and the Netherlands) (Dkt. #61 at ¶¶ 12–22). Likewise, the facts

as presented in the First Amended Complaint show that the multi-state and international scheme would not permit one single federal district to have traditional personal jurisdiction over all Defendants (*See* Dkt. #61 at ¶¶ 9–61). *Id.* Accordingly, the Court finds that it has personal jurisdiction over Ubom Law Group.

### III.    12(b)(5)

Defendants raise a challenge under Rule 12(b)(5) by merely citing the rule. Plaintiff does not address the 12(b)(5) challenge, arguing that Defendants' Motions "[do] not contain any argument or other substance that would support a challenge to service of process." (Dkt. #89 at ¶ 2; Dkt. #91 at ¶ 2). Plaintiff is correct, Defendants merely cites to 12(b)(5) to raise their challenge. Failure to brief an argument constitutes a waiver of the argument. *Cooper v. Pampered Chef, Ltd.*, No. 4:04CV271, 2005 WL 1118182, at *3 (E.D. Tex. May 11, 2005) *report and recommendation adopted*, No. 4:04CV271, 2005 WL 1279249 (E.D. Tex. May 31, 2005); *Barras v. Ill. Farmers Ins. Co.*, No. 6:19-CV-01274, 2021 WL 3725701, at *2 (E.D. La. Aug. 23, 2021). Accordingly, the Court finds that Defendants waived their 12(b)(5) challenge.

**CONCLUSION**

It is therefore **ORDERED** that James Uduak Ubom's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #83) and Ubom Law Group, PLLC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #85) are hereby **DENIED**.

   **IT IS SO ORDERED.**
    **SIGNED this 20th day of August, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE