IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| XLINK RESOURCE GROUP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V.  § | C.A. No. 4:24-cv-00035-ALM |
| § | |
| EXPO PETROLEUM OIL AND GAS § | |
| USA, LLC; MAYOMI OLOOTU; JAMES § | |
| UDUAK UBOM; ARCHER TACTICAL § | |
| GROUP; ARCHER ENERGY § | |
| CORPORATION; DAVID TOLLAKSEN; § | |
| and JIM TRICE, § | |
| § | |
| Defendants. § | |

## MOTION TO DISMISS CROSS CLAIM AGAINST EXPO PETROLEUM OIL AND GAS USA, LLC AND MAYOMI OLOOTU

TO THE UNITED STATES DISTRICT COURT JUDGE:

Defendants Expo Petroleum Oil and Gas USA, LLC and Mayomi Olootu (collectively "Expo" and "Mayomi" shall be known as "Defendants") by and through its undersigned counsel, hereby move this Honorable Court to dismiss the cross claim filed by Defendant James Uduak Ubom and Ubom Law Group, PLLC ("Cross Claimants") against Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this motion, Expo Petroleum states as follows:

### I.     INTRODUCTION

Defendants are perplexed to say the least by the cross claim filed in docket numbers 108 and 109. The document appears to allege a cause of action for breach of contract. The contract is not attached, cited, referred to, or even discernable.

The Cross Claimants have filed a cross claim against Defendants seeking reimbursement and damages related to transactions alleged in the main complaint filed by Xlink Resource Group, LLC.

The cross claim fails to allege the existence of a contract between the Cross Claimants and Defendants or any basis for a recovery whatsoever against Defendants, which is a necessary element to support claims for breach of contract and related damages.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Young v. Travelers Personal Security Ins. Co.*, No 4:16-CV-235, 2016 WL 4208566, at *3 (S.D. Tex. Aug. 10, 2016)(quoting *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) and *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.     ARGUMENT

The cross claim does not allege any facts that establish the existence of a contract between the Cross Claimant and Defendants. The absence of such allegations is fatal to the Cross Claimant's breach of contract claim.

Without a contract, there can be no breach, and thus, the Cross Claimant's demand for damages and reimbursement lacks a legal basis. The cross claim merely asserts that Defendants should reimburse the Cross Claimant for amounts it may be held liable for, without providing any contractual or legal foundation for such a claim.

The cross claim's vague and conclusory statements do not meet the pleading standards required to state a claim for relief. The Cross Claimant has not provided any specific terms of a contract, nor has it alleged any breach of such terms by Expo Petroleum.

## IV.    CONCLUSION

Nothing in the cross claim gives rise to a claim against Defendants. As a result, Defendants Expo Petroleum Oil and Gas USA, LLC and Mayomi Olootu respectfully request that this Court grant their Motion and Dismiss the Cross Claims (Doc. 108 and 109) in their entirety.

Respectfully submitted,

**DORTCH LINDSTROM LIVINGSTON LAW GROUP**

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
Email: micah@dll-law.com
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Telephone: (214) 393-1212
Facsimile: (888) 653-3299

**ATTORNEY FOR DEFENDANTS EXPO PETROLEUM OIL AND GAS USA, LLC AND MAYOMI OLOOTU**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document was served electronically through the Court's electronic-filing manager (EFM) and/or via facsimile pursuant to the Federal Rules of Civil Procedure on October 1, 2025 to all counsel of record.

*/s/ T. Micah Dortch*
**T. MICAH DORTCH**