UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| XLINK RESOURCE GROUP, LLC; | § |
| | § |
| Plaintiff, | § CIVIL CAUSE NO.4:24-CV-00035-ALM |
| VS. | § |
| | § |
| EXPO PETROLEUM OIL AND GAS USA, | § |
| LLC; MAYOMI OLOOTU; JAMES UDUAK | § |
| UBOM; ARCHER TACTICAL GROUP; | § |
| ARCHER ENERGY CORPORATION; | § |
| DAVID TOLLAKSEN; JIM TRICE; | § |
| UBOM LAW GROUP; SHELL PLC | § |
| BCS NEDERLAND; MATT JAMESON; | § |
| MIKE BONNELL; and BOYD CHISHOLM | § |
| | § |
| Defendants' | § |

**DEFENDANTS' ARCHER TACTICAL GROUP, ARCHER ENERGY CORPORATION, DAVID TOLLAKSEN, AND JIM TRICE; NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO FRCP 55c and FRCP 60; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFF KATOFKSY, DAVID TOLLAKSEN, AND JIM TRICE IN SUPPORT THEREOF;**

**PLEASE TAKE NOTICE THAT** Defendants Archer Energy Corporation ("Archer Energy"),

Archer Tactical Group ("Archer Tactical"), Jim Trice ("Trice") and David Tollaksen

("Tollaksen") (collectively "Defendants" or "Moving Party") order to be relieved of Default

Pursuant to Federal Rules of Civil Procedure 55c and 60.

1

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities submitted in support of hereof, the Declarations of Jim Trice, David Tollaksen, and Jeff Katofsky, the pleadings and files herein, and on such other evidence as may be presented to the Court.

Respectfully submitted,

_____/s/ Jeff Katofsky_____
Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

*Attorney for Defendants*
David Tollaksen, Jim Trice, Archer Tactical Group, and Archer Energy Corporation

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

This Motion seeks to vacate the default judgments entered against Defendants pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). The judgments were entered without proper service of the operative First Amended Complaint. Plaintiff never effected service of that amended pleading on Defendants which supersedes the original complaint. Despite this lack of service, Plaintiff proceeded to obtain default judgments based on an outdated complaint that was no longer operative. It is well established that a default judgment entered without proper service is void and must be set aside. For these reasons, the default judgments must be set aside.

### III. FACTUAL BACKGROUND

On January 12, 2024, Plaintiff filed the Original Complaint initiating this action. (Declaration of Jeff Katofsky ("Decl. Katofsky") ¶2 Exhibit A).  On October 16, 2024, Plaintiff filed a First Amended Complaint. (Declaration of Jeff Katofsky (Decl. Katofsky ¶2 Exhibits B) The First Amended Complaint included an additional five new defendants including Shell PLC, BCS Nederland, Matt Jameson, Mike Bonnell, and Boyd Chisholm. This expanded the factual allegations underlying the alleged fraudulent scheme against Moving Parties, and added veil-piercing theories to reach new actors which materially broadened the RICO enterprise and scope of relief in the complaint. The First Amended Complaint was never served on Moving Parties. (Declaration of David Tollaksen  ¶2, and Declaration of Jim Trice  ¶2) On February 6, 2025, the Court entered default judgments against Archer Energy, Archer Tactical, and Tollaksen. (Decl. Katofsky ¶3 Exhibits B through D respectively). On April 2, 2025 the court entered final default judgments against Archer Energy, Archer Tactical, and Tollaksen.

3

As a result, these Defendants never received service of the operative pleading as required by Rule 5(a)(2) and Rule 4. (Declaration of David Tollaksen ¶2, and Declaration of Jim Trice ¶2)  No Default can be taken without service of the First Amended Complaint.

### IV. LEGAL AUTHORITY

Under Rule 55(c), the Court may set aside an entry of default "for good cause." Once a default judgment has been entered, it may be set aside under Rule 60(b). Relief is mandatory under Rule 60(b)(4) if the judgment is void, including where the court lacked personal jurisdiction due to improper service. *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649-651 (5th Cir. 1988). When a plaintiff files an amended complaint that "adds a new claim for relief against a party in default," Rule 5(a)(2) mandates service under Rule 4.

Alternatively, Rule 60(b)(6) provides for relief for "any other reason that justifies relief," and Rule 55(c) permits setting aside a default judgment for good cause, considering (1) whether the default was willful, (2) whether setting aside would prejudice the adversary, and (3) whether a meritorious defense exists. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

### V. ARGUMENT

**A. The Default Judgments Are Void Because Plaintiff Never Served the Operative Pleading**

The First Amended Complaint, filed on October 16, 2024, added five new defendants and materially altered the factual basis of Plaintiff's causes of action for fraud, conspiracy, RICO, and veil piercing against Moving Parties. These changes significantly expanded both the scope of the allegations and the relief sought, rendering the amended pleading fundamentally different from the original. Under Federal Rule of Civil Procedure 5(a)(2), such an amendment constitutes the assertion of "new claims for relief," and therefore required formal service pursuant to Rule 4.

4

Plaintiff failed to serve the operative First Amended Complaint on Defendants by any means. As a result, the Court lacked personal jurisdiction to enter judgment based on that pleading. A judgment entered without proper service is void and must be set aside under Rule 60(b)(4). *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988).

Courts interpret "new claim for relief" broadly. It encompasses any material expansion of factual allegations, theories of liability, or relief sought not merely the addition of formal counts. See *In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993); *Varnes v. Local 91*, 674 F.2d 1365, 1368 (11th Cir. 1982); *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 734 (7th Cir. 1991); *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977); *Goldman v. Hartford Accident & Indem. Co.*, 140 F.2d 922, 924 (2d Cir. 1944); Wright & Miller § 1144.

**B. Even If Not Void, Good Cause Exists to Set Aside Under Rules 55(c) and 60(b)(6)**

Even if the judgments were not void, good cause exists to vacate them. Defendants did not willfully default; they were never properly served with the operative complaint. Plaintiff will not be prejudiced by litigating on the merits. Defendants have multiple meritorious defenses to the claims asserted. (See Declarations of David Tollaksen and Declaration of Jim Trice). The Fifth Circuit strongly favors resolution on the merits over default. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Set Aside Default Judgments and vacate the default judgments entered against Archer Energy Corporation, Archer Tactical Group, and David Tollaksen; and Jim Trice. Defendants

5

further request the Court permit Defendants to file their responses pleading within 21 days of the Court's order.

Respectfully submitted,

_____/s/ Jeff Katofsky_____
Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

*Attorney for Defendants*
David Tollaksen, Jim Trice, Archer Tactical Group, and Archer Energy Corporation

6

## DECLARATION

I, Jeff Katofsky, Esq. do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief.

Executed in Los Angeles County, State of California on the 24th day of October 2025

_____/s/ Jeff Katofksy_____
Jeff Katofsky

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by electronic filing in accordance with the Texas Rules of Civil Procedure on October 24, 2025.

_____/s/ Jeff Katofksy_____
Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

*Attorney for Defendants*
David Tollaksen, Jim Trice, Archer Tactical Group, and Archer Energy Corporation

8