**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | Civil Cause No. 4:24-cv-00035-ALM |
| V. | § | |
| | § | |
| EXPO PETROLEUM OIL AND GAS | § | |
| USA, LLC; MAYOMI OLOOTU; JAMES | § | |
| UDUAK UBOM; ARCHER ENERGY | § | |
| CORPORATION; DAVID TOLLAKSEN; | § | |
| JIM TRICE; UBOM LAW GROUP; SHELL | § | |
| PLC BCS NEDERLAND; MATT | § | |
| JAMESON; MIKE BONNELL; and | § | |
| BOYD CHISHOLM, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**PLAINTIFF XLINK RESOURCE GROUP, LLC'S RESPONSE TO
DEFENDANTS' ARCHER TACTICAL GROUP, ARCHER ENERGY CORPORATION,
DAVID TOLLAKSEN, AND JIM TRICE'S NOTICE OF MOTION AND MOTION TO
SET ASIDE DEFAULT JUDGMENT PURSUANT TO FRCP 55c AND FRCP 60;
MEMORANDUM OF POINTS AND AUTHORITIES; and DECLARATION OF JEFF
KATOFKSY, DAVID TOLLAKSEN, AND JIM TRICE IN SUPPORT THEREOF**

Plaintiff Xlink Resource Group, LLC files this Response to Defendants' Archer Tactical

Group, Archer Energy Corporation, David Tollaksen, and Jim Trice's Notice of Motion and Motion

to Set Aside Default Judgment Pursuant to FRCP 55c and FRCP60; Memorandum of Points and

Authorities; Declaration of Jeff Katofsky, David Tollaksen, and Jim Trice in Support Thereof (the

"Motion").[1] Plaintiff respectfully requests that the Court deny Defendant's Motion.

---

[1] Undersigned counsel notes that the Default Defendants originally filed a motion that lacked an attorney signature, as required by Federal Rule of Procedure 11 and governing case law. Counsel alerted the attorney who had filed the motion of the deficiency, prepared a motion to strike, and conferred regarding whether the deficiency would be addressed. That deficiency was subsequently addressed by the attorney who had filed the motion. Counsel notes,

**PLAINTIFF'S RESPONSE**                                                                                        1

## Summary of Argument

The default judgments should not be vacated. Fifth Circuit precedent has addressed virtually the exact scenario and Rule 60(b)(4) arguments raised here—and unequivocally rejected them. And recent (as well as not-so-recent) Supreme Court precedent makes equally clear that the Default Defendant's Rule 60(b)(6) arguments are invalid as a matter of law.

The default judgments against Archer Energy, Archer Tactical, and Tollaksen are final default judgments. The final default judgments were entered on April 2, 2025, and each such defendant was severed on March 26, 2025. Thus, those judgments became final. See 28 U.S.C. § 2107.

Because the judgments are final default judgments, the applicable rule of Civil Procedure is Rule 60(b), not Rule 55. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025) ("It is Rule 60(b)'s standard—and *only* Rule 60(b)'s standard—that applies when a party seeks relief from final judgment.") Thus, to the extent that the Default Defendants invoke Rule 55 with respect to Archer Energy, Archer Tactical, and Tollaksen that rule is not applicable.

Other than Rule 55, the Default Defendants appear to invoke Rule 60(b)(4) and (b)(6) as the bases for their request. Rule 60(b)(4) requires that the judgment be "void"—a high standard that the Default Defendants do not meet. Indeed, the Fifth Circuit addressed this exact scenario in *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576 (2014), in which it rejected a virtually identical claim and argument to those asserted here by the Default Defendants and held that where a First Amended Complaint was served on a defaulting defendant, but a Second Amended Complaint was not, a default judgment was valid—*not* "void." The Default Defendants argue that although they were served with the Original Complaint here, a First Amended Complaint was subsequently filed before the Court's entry of its Final Order of Default, somehow rendering a lack "proper service"

---

however, that the newly filed motion is signed by someone who is not admitted to practice in Texas or this district at this time, although he has a pending motion for admittance pro hac vice. Plaintiff does not intend to challenge that pro hac vice motion in order to respectfully allow the Default Defendants their counsel of choice.

**PLAINTIFF'S RESPONSE**                                                                                             2

upon them. "As a result," they claim, "the Court lacked personal jurisdiction," (Mot. p. 5), which, they further claim, renders the Final Order of Default "void." The Default Defendants do not cite a single on-point case for the controlling propositions that they put forward, and they wholly misunderstand the concept of "personal jurisdiction" and the implications of an initial service of process.

Rule 60(b)(6) is likewise unavailing. The Supreme Court, just months ago, held that Rule 60(b)(6) "should only be applied in 'extraordinary circumstances,'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 212 (2025), which, as set out below, clearly do not exist here. In any event, the Default Defendants have also failed to brief, provide, or establish the necessary basis for the application of that rule and have forfeited any such arguments.

### I.    Procedural History

Plaintiff filed its Original Complaint in this case on January 12, 2024. (Doc. No. 1). The Summons and Original Complaint were served on Archer Energy Corporation on January 22, 2024 (Doc. No. 12); on Archer Tactical Group and David Tollaksen on January 27, 2024 (Doc. Nos. 11, 12); and on Jim Trice on March 29, 2024 (Doc. No. 23).

On March 20, 2024, Plaintiff field its Motions for Entry of Default and for Default Judgment against Archer Energy Corporation, Archer Tactical Group, and David Tollaksen. (Doc. Nos. 13-15). On April 5, 2025, Plaintiff filed separate requests for entry of default against Archer Energy Corporation, Archer Tactical Group, and David Tollaksen (Doc. Nos. 20-22) and corrected requests on April 13, 2024. (Doc. Nos. 29-31).

On April 15, 2024, the Clerk entered default against Archer Energy Corporation, Archer Tactical Group, and David Tollaksen (Doc. 32).

**PLAINTIFF'S RESPONSE**                                                                                 3

On June 21, 2024, Plaintiff filed its Motion for Entry of Default and For Default Judgment Against Defendant Jim Trice. (Doc. No. 40, 41).

On October 16, 2024, Plaintiff filed its First Amended Complaint. (Doc. No. 61). It contained the exact same causes of action against the Default Defendants. It contained the exact same veil-piercing pleadings with respect to the Default Defendants. It contained the exact same alleged fraudulent payments to defendants and costs to pursue those payments.

On February 6, 2025, the Court entered default judgments against Archer Energy Corporation, Archer Tactical Group, and David Tollaksen, (Doc. Nos. 86-88), setting a hearing for March 26, 2025 to determine a damages award. On March 26, 2025, the Court severed Archer Energy Corporation, Archer Tactical Group, and David Tollaksen. (Doc. No. 94) On April 2, 2025, the Court entered final default judgment against Defendants Archer Energy Corporation, Archer Tactical Group, and David Tollaksen. (Doc. No. 95). That final judgment awarded damages pled in the Original Complaint.

On September 16, 2025, the Clerk entered default judgment against Defendant Jim Trice. (ECF No. 112).

On October 15, 2025, a motion was filed to set aside the default judgment, purportedly on behalf of Default Defendants, but it was not signed by an attorney, see Rule 11, and did not bear the name of an attorney licensed in Texas or in this district. (Doc. No. 15). Undersigned counsel brought the deficiencies to the filer's attention. The Default Defendants subsequently, on October 24, 2025, filed a motion to set aside the default judgments. (Doc. No. 123).

## II.    Argument and Authorities

### A.  Rule 55 is Not Applicable to Archer Energy, Archer Tactical, or Tollaksen.

The Default Defendants argue that "Rule 55(c) permits setting aside a default judgment for good cause, considering (1) whether the default was willful, (2) whether setting aside would prejudice the adversary, and (3) whether a meritorious defense exists." (Mot. p. 4). Rule 55, however, has no application to the final default judgments against Archer Energy, Archer Tactical, and Tollaksen. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025) ("It is Rule 60(b)'s standard—and *only* Rule 60(b)'s standard—that applies when a party seeks relief from final judgment.").

Rule 55(c) provides that "[t]he court . . . may set aside a *final default judgment* under Rule 60(b)." (emphasis added.) The "good cause" standard invoked by the Default Defendants applies only to an "entry of default." It thus only applies to Trice.

As such, at least with respect to Archer Energy, Archer Tactical, and Tollaksen, Rule 60(b) provides the only applicable standard.

**B. The Final Default Judgment is Not "Void" Under Rule 60(b)(4).**

The Default Defendants, in two paragraphs (Mot. pp. 4-5), argue that the default judgements are "void." They maintain, as their sole argument under Rule 60(b)(4), that, although the Original Complaint was served on them, the First Amended Complaint was not served on them, and that "[a]s a result, the Court lacked personal jurisdiction" and the default judgments are, therefore, "void." (Mot. p 5). The Default Defendants do not cite a case for that particular proposition. And in any event, Fifth Circuit precedent unequivocally provides that they are incorrect.

There is no dispute that the Original Complaint was served on all of the defendants. Nothing further was required in the way of "service" insofar as "personal jurisdiction" is concerned. Certainly, the Default Defendants have not cited any authority otherwise, nor have they asserted other grounds. Thus, the Default Defendants' argument—that without later service of the subsequent First Amended Complaint there is a lack of "personal jurisdiction"—is misplaced.

**PLAINTIFF'S RESPONSE**                                                                                          5

As part of this argument, the Default Defendants argue (in their introduction, without citation to authority) that the Original Complaint was no longer operative. (Mot. p. 3). The Fifth Circuit disagrees.

The Fifth Circuit addressed this exact scenario in *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576 (2014). In that case, the original plaintiffs properly served "TG," a Chinese manufacturer, with their First Amended Complaint on August 3, 2009. *Id.* at 582 ("It is undisputed that TG was properly served with the First Amended Complaint."). On November 18, 2009, the original plaintiffs filed their Second Amended Complaint. *Id.* That Second Amended Complaint expanded the plaintiff class. *Id.* On December 21, 2009, the district court granted the motion of several persons to intervene as Plaintiff-Intervenors. *Id* On May 11, 2010, the district court issued a default judgment in favor of the Plaintiff-Intervenors. *Id.* at 584.

Subsequently, on June 10, 2010, TG filed an appearance in the action and a notice seeking to have the default judgment vacated for "(1) lack of personal jurisdiction, and (2) because the service of process was procedurally defective"—the same grounds that the Default Defendants argue here. *Id.* It argued that the "[d]efault [j]udgment was invalid because it had not been properly served with the Second Amended Complaint or motion to intervene prior to the entry of the [d]efault [j]judgment." *Id.* The Fifth Circuit rejected that argument, explaining that:

> TG was properly served with the First Amended Complaint, and the Second Amended Complaint only amended the First Amended Complaint insofar as expanding the class definition against [TG] to a national class and expanding the Virginia consumer protection claims to consumer protection claims for each state involved. None of these amendments would have affected Intervening Plaintiffs' claims. Thus, **the Court finds that whether or not the Second Amended Complaint was properly served upon [TG], the Court has sufficient jurisdiction ... as a result of the proper service of the First Amended Complaint since Intervening Plaintiffs' claims were properly within the First Amended Complaint.**

*In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 584 (5th Cir. 2014) (emphasis added). The Fifth Circuit further explained that the default judgments were not void:

TG argues that the Default Judgment was void because TG was not properly served with the Second Amended Complaint or the motion to intervene. We disagree. TG was already in default when the district court granted Plaintiffs' motion to file the Second Amended Complaint and motion to intervene. As a result, Federal Rule of Civil Procedure 5(a)(2) governs the service requirements for these two pleadings. Rule 5(a)(2) does not require a party in default be served with a pleading unless that pleading that asserts a *new claim* for relief.

. . .

The district court concluded that the Second Amended Complaint did not assert any new claims against TG, but "only amended the First Amended Complaint insofar as expanding the class definition against [TG] to a national class and expanding the Virginia consumer protection claims to consumer protection claims for each state involved. None of these amendments would have affected Intervening Plaintiffs' claims." We agree. . . . TG was properly served with the First Amended Complaint, and was thus on notice that a class action of Virginia homeowners with these claims had been filed against it. . . . Accordingly, **the Default Judgment was not void.**

*Id.* at 593–94 (5th Cir. 2014) (bolding added)

Here, the First Amended Complaint contained the exact same claims for relief against the Default Defendants. As in *In re Chinese Manufactured Drywall Prods. Liab. Litig*, it merely added additional parties. It did not materially change the allegations against the Default Defendants. The Default Defendants solely argue that the First Amended Complaint added "an additional five new defendants" and added "evil-piercing theories to reach new actors." (Katofsky Decl. ¶ 3; Mot. p. 4). Actually, however, it contained the exact same veil-piercing pleadings with respect to the Default Defendants. It contained the exact same alleged fraudulent payments to defendants and costs to pursue those payments. The default judgments were all entered in accordance with the Original Complaint. Accordingly, the First Amended Complaint was not required to be served in any event because the Default Defendants were already in default. Fed. R. Civ. Pro. 5(a)(2).

In any event, the Default Defendants argument is, technically, that the Court lacked personal jurisdiction because the First Amended Complaint was not served upon the Default Defendants.

**PLAINTIFF'S RESPONSE**                                                                                                         7

Again, that argument misunderstands the concept of personal jurisdiction. Service of process was effected with respect to the Original Complaint. The Default Defendants' argument is foreclosed by Fifth Circuit precedent and they do not assert any other ground in support of their position.

### C. Rule 60(b)(6) Does Not Authorize the Relief Requested.

As the U.S. Supreme Court recently reiterated, "[r]elief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Indeed, "[the Supreme Court's] more recent cases have consistently reaffirmed that Rule 60(b)(6) 'should only be applied in extraordinary circumstances.'" *Id.* at 212 (citing multiple cases). As the court has explained:

> The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances. Rule 60(b)(6) is a catchall that follows paragraphs (1) through (5). It covers "any *other* reason" that justifies relief; that is, Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs. Were it otherwise, the catchall provision could swallow the preceding paragraphs and "b[e] used to circumvent" their time bars. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). . . . Thus, we have repeatedly held that relief under Rule 60(b)(6) is available "only when Rules 60(b)(1) through (b)(5) are inapplicable."

*Id.* at 211.

But the Default Defendants have failed to argue or demonstrate, in any manner whatsoever, whether grounds (1), (2), (3), or (5) do or do not apply. Because they do not allege or explain that section 1-5 *do not apply*, the Default Defendants have failed to brief a requirement for their Rule 60(b)(6) ground. In reality, the only purported ground that they have asserted with respect to Rule 60(b)(6) is "good cause." That, however, is not a standard with respect to Rule 60(b)(6).

Moreover, the Supreme Court has underscored that even if a party could demonstrate that potential grounds exist—"even then, 'extraordinary circumstances' must justify reopening." *Id.* at 211.

**PLAINTIFF'S RESPONSE**                                                                                                              8

In doing so, it canvassed the Supreme Court's precedent and "emphasized the importance of a Rule 60(b)(6) movant's faultlessness, explaining that '[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.'" *Id.* at 212 (quoting *Ackermann v. United States*, 340 U.S. 193 (1950)).

Here, the Default Defendants do not argue or offer any "extraordinary circumstances." Indeed, they do not even acknowledge the standard. They provide a perfunctory, one-paragraph argument on brief that essentially regurgitates their argument that the First Amended Complaint was not served upon them. They make vague, conclusory reference to "multiple meritorious defenses" to the claims against them, but provide no meaningful explanation or defenses to the claims. Ultimately, they offer nothing to establish entitlement to set aside the default judgments under Rule 60(b)(6).

Nor would granting their request set good policy. If a party could just thumb its nose at the proceedings after being served, then make an entry months or years later at its leisure, that party could frustrate expensive and important legal proceedings as they pleased. They could frustrate the judicial system's important interest in "finality." Indeed, that is precisely why the party is required to prove "extraordinary circumstances." Respectfully, if a party could obtain such relief on the record and submission put forward by the Default Defendants, there would, in fact, cease to be a meaningful concept                                                                                                     of finality.

### a. The Default Defendants Have Not Established "Good Cause"

In any event, the Default Defendants put forward one argument under Rule 60(b)(6): that "good cause" exists to set aside the defaults. (Mot. p. 5).

First, as set forth above, "good cause" is not the standard under Rule 60(b)(6). Rule 60(b)(6) "should only be applied in 'extraordinary circumstances,'" not simply good cause. *BLOM Bank SAL*

**PLAINTIFF'S RESPONSE**                                                                                                     9

*v. Honickman*, 605 U.S. 204, 212 (2025). Thus, it does not apply to Default Defendants with a final default judgment.

Second, "[a] finding of willful default ends the [good cause] inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). And here, "the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *Id.* at 594 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.2000)).

The Default Defendants have not met their burden. Indeed, their collective declarations are conclusory and provide no such evidence whatsoever. For example, Tollaksen offers the following: that "Several if not all allegations . . . in the complaint are not accurate and I have meritorious defenses." (Declaration of David Tollaksen, ¶ 6). There is not a single statement demonstrating "good cause," "extraordinary circumstances," or explaining his failure to respond to the lawsuit after being served with the Original Complaint. Yet, as the Court will recall, Plaintiff previously demonstrated that Tollakson was aware of the suit and, on March 19, 2024, after being served with the Summons and Original Complaint, he called Tim Thompson and threatened that if he did not drop the current lawsuit, he would "unleash holy hell on [Thompson]." (E.g., Doc. No. 30-2, Affidavit of Tim Thompson, ¶ 26). Tollaksen, in his declaration, does not even address this fact. Nor does he address whether there would be prejudice to the adversary.

Likewise, Jim Trice's declaration is essentially a carbon copy of Tollaksen's. It makes the same conclusory statements and does not provide facts that actually address the Default Defendant's burden here.

Nor does Katofsky's declaration explain the Default Defendant's failure to respond, or anything to demonstrate "good cause," "extraordinary circumstances," or a meritorious defense.

**PLAINTIFF'S RESPONSE**                                                                                          10

The fact is, the Default Defendants intentionally did not respond. They were served with process. They willfully defaulted. Indeed, Tollaksen's threat to X-Link's CEO, Tim Thompson, makes the willful default unequivocal. An intentional failure to respond ends the inquiry, *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014), because "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.'" *BLOM Bank SAL v. Honickman*, 605 U.S. at 212 (quoting *Ackermann v. United States*, 340 U.S. 193 (1950).

## Conclusion

Wherefore, Plaintiff Xlink Resource Group, LLC, respectfully requests that the Court deny Defendants' Motion. Plaintiff also asks for any other relief, whether in law or equity, for which Plaintiff is entitled.

Dated: November 8, 2025                    Respectfully submitted,

**FREEMAN LAW, PLLC**

By:    /s/ *Jason B. Freeman*
         JASON B. FREEMAN
         TX Bar No. 24069736
         7011 Main Street
         Frisco, Texas 75034
         (214) 984-3000 Telephone
         (214)984-3409 Facsimile
         Jason@FreemanLaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on Saturday, November 8, 2025, a true and correct copy of the foregoing document was served via electronic filing upon all counsel of record.

/s/ *Jason B. Freeman*
JASON B. FREEMAN

**PLAINTIFF'S RESPONSE**                                                                                          11