UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC; | § | |
| | § | |
| Plaintiff, | § | CIVIL CAUSE NO.4:24-CV-00035-ALM |
| VS. | § | |
| | § | |
| EXPO PETROLEUM OIL AND GAS USA, | § | |
| LLC; MAYOMI OLOOTU; JAMES UDUAK | § | |
| UBOM; ARCHER TACTICAL GROUP; | § | |
| ARCHER ENERGY CORPORATION; | § | |
| DAVID TOLLAKSEN; JIM TRICE; | § | |
| UBOM LAW GROUP; SHELL PLC | § | |
| BCS NEDERLAND; MATT JAMESON; | § | |
| MIKE BONNELL; and BOYD CHISHOLM | § | |
| | § | |
| Defendants' | § | |

**DEFENDANTS' ARCHER TACTICAL GROUP, ARCHER ENERGY CORPORATION, DAVID TOLLAKSEN, AND JIM TRICE; REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO FRCP 55c;**

## I. INTRODUCTION

Plaintiff's Response does not cure the fundamental jurisdictional defect, misapplies Fifth Circuit authority, and relies on incomplete and inaccurate factual assertions. Plaintiff avoids admitting the dispositive point: the First Amended Complaint ("FAC"), which superseded the Original Complaint and became the operative pleading, was never served on any Default Defendant. Moreover, Plaintiff cites to *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576 (5th Cir. 2014) which is inapposite to the case at bar . But Plaintiff

1

omits the single most important fact about that case: it was a nationwide class action. The expanded factual allegations underlying the alleged fraudulent scheme against Moving Parties, and added veil-piercing theories to reach new party actors materially broadened the RICO enterprise and scope of relief in the FAC. Furthermore, the judgment is void for lack of service, due process and Plaintiff will not suffer any prejudice. Therefore, the default judgments must be set aside.

## II. ARGUMENT

### A. PLAINTIFF DOES NOT DISPUTE THE FIRST AMENDED COMPLAINT WAS NEVER SERVED VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

Plaintiff never dispute the superseding ("FAC") was never served on any Default Defendant. Because the FAC became the operative pleading and replaced the Original Complaint, the entry of default judgment on an unserved operative complaint violated not only Federal Rules of Civil Procedure 4, 5, and 60(b)(4), but also the Due Process Clause of the Fifth Amendment. Further, without service, default could not have been entered. Due process requires (1) Notice reasonably calculated to apprise the defendant of the claims against them, and (2) An opportunity to be heard before judgment is entered. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, Defendants had neither.

### B. PLAINTIFF'S RELIANCE ON CHINESE DRYWALL IS MISPLACED

Plaintiff's sole authority *In re Chinese Manufactured Drywall Products Litigation*, 742 F.3d 576 (5th Cir. 2014 actually supports Defendants. *Chinese Drywall* was a nationwide class Action with universal, identical claims. In *Chinese Drywall*, the operative complaint already contained

2

the universal claims applicable to the entire class, and the subsequent amendments, did not add new claims, did not add new defendants, and did not change the defendant's liability. Because the amendments added no new burdens, the Fifth Circuit held re-service unnecessary.

Here, the case is not a class action, the new parties are new defendants, and the FAC materially altered the pleadings leading to new facts, expanding veil piercing and alter ego theories, and broadened the scope of liability. This makes the case the complete opposite of *Chinese Drywall*.

When a plaintiff files an amended complaint that "adds a new claim for relief against a party in default," Rule 5(a)(2) mandates service under Rule 4. "But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4 ." *Federal Rules of Civil Procedure Section 5(a)2*. Therefore, Plaintiff's failure to serve the FAC voids the judgment.

## C.  RULE 60(b)(4) REQUIRES VACATUR BECAUSE THE JUDGMENT IS VOID FOR LACK OF SERVICE AND DUE PROCESS

A judgment entered without proper service or without satisfying constitutional due process is void, not voidable. The Fifth Circuit has held repeatedly. A court lacks personal jurisdiction where the operative complaint was not served. *Harper Macleod Solics. v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001)*. "If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside." Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992) The same occurred here. It is undisputed that Plaintiff was never served moving Defendants with the operative complaint thus, denying the motion to set aside would violate Defendants due process.

**D.  ALTERNATIVELY, RULE 60(b)(6) PROVIDES A SECOND BASIS FOR RELIEF**

Even if the Court declined to treat the judgment as void (it must), relief remains appropriate under Rule 60(b)(6) because Defendants acted promptly once aware of the judgment, Plaintiff will experience no prejudice, Defendants have meritorious defenses, and Plaintiff's failure to serve the operative complaint created the default. The matter is ongoing and Plaintiff must continue to litigate this matter.

"Thus, mere delay does not alone constitute prejudice. Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen,* 907 F.2d at 621. Lacy makes no such showing, however. Nor does any potential for unfair prejudice appear in the record. "

Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000)

Here, Plaintiff has not shown actual prejudice, loss of evidence unavailability of witness or similar concrete harm. Thus, Plaintiff would not suffer any prejudice and good cause exists to vacate the default judgment.

**E.  PLAINTIFF MISREPRESENTS COUNSEL'S STATUS  DEFENDANTS' PRO HAC VICE WAS APPROVED ON OCTOBER 7, 2025.**

Plaintiff suggests the initial filing was defective because counsel was not admitted. Plaintiff fails to acknowledge Defendants' counsel's pro hac vice admission was approved by this Court on October 7, 2025. See Exhibit A. The initial motion was filed on October 15, 2025.

4

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Set Aside Default Judgments and vacate the default judgments entered against Archer Energy Corporation, Archer Tactical Group, and David Tollaksen; and Jim Trice. Defendants further request the Court permit Defendants to file their responses pleading within 21 days of the Court's order.

Respectfully submitted,

_____/s/ Jeff Katofsky_____
Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

*Attorney for Defendants*
David Tollaksen, Jim Trice, Archer Tactical Group, and Archer Energy Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by electronic filing in accordance with the Texas Rules of Civil Procedure on November 19, 2025.

_____/s/ Jeff Katofksy_____
Jeff Katofsky, Esq.
KATOFSKY LAW
4558 Sherman Oaks Ave.
Sherman Oaks, CA 91403
T: 818-990-1475
F: 818-990-1477
jeff@katofskylaw.com

5