# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| EXPO PETROLEUM OIL AND GAS | § | Civil Action No. 4:24-cv-35 |
| USA, LLC; MAYOMI OLOOTU; JAMES | § | Judge Mazzant |
| UDUAK UBOM; ARCHER TACTICAL | § | |
| GROUP; ARCHER ENERGY | § | |
| CORPORATION; DAVID TOLLAKSEN; | § | |
| JIM TRICE; UBOM LAW GROUP; | § | |
| SHELL PLC; BCS NEDERLAND; MATT | § | |
| JAMESON; MIKE BONNELL; and BOYD | § | |
| CHISHOLM, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jim Trice's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; Declaration of Jeff Katofksy and Jim Trice in Support Thereof (the "Motion") (Dkt. #130). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

On January 12, 2024, Plaintiff Xlink Resource Group, LLC ("Plaintiff") initiated this lawsuit alleging that it was the victim of a multi-year fraud scheme collectively orchestrated by Defendants,[1] including Defendant Jim Trice ("Defendant" or "Trice") (Dkt. #1; Dkt. #61 at ¶ 1).

---

[1] On October 16, 2024, Plaintiff filed its First Amended Complaint (the "Complaint") (Dkt. #61). In its Complaint, Defendants are identified as Expo Petroleum Oil and Gas USA, LLC; Mayomi Olootu; James Uduak Ubom; Archer Tactical Group; Archer Energy Corporation; David Tollaksen; Jim Trice; Ubom Law Group; Shell PLC; BCS Nederland; Matt Jameson; Mike Bonnell; and Boyd Chisholm (collectively, "Defendants") (Dkt. #61 at p. 1).

In short, Plaintiff alleges that Trice, in his capacity as the Chief Executive Officer of Archer Energy Corporation, connected Plaintiff's founder, Tim Thompson ("Thompson"), to various sellers and buyers in the oil and gas industry (Dkt. #61 at ¶¶ 2–3, 6–7, 20). In its Complaint, Plaintiff alleges the following claims against each Defendant, including Trice: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), 1962(d); (2) common law fraud; and (3) civil conspiracy (*See* Dkt. #61).

Plaintiff is a Wyoming limited liability company (Dkt. #61 at ¶ 11). Trice is a Florida resident (Dkt. #61 at ¶ 18). The other Defendants are scattered across the world; however, Plaintiff avers Defendant Mayomi Olootu ("Olootu") resides in Allen, Texas and some of the conduct at issue took place in Texas (Dkt. #61 at ¶ 7).

On February 27, 2026, Trice filed the instant Motion asking the Court to dismiss Plaintiff's claims against him for lack of personal jurisdiction and for insufficient service of process under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), respectively (Dkt. #130).[2] Shortly thereafter, Plaintiff responded (Dkt. #133), and Trice replied (Dkt. #134). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I.    Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident

---

[2] Trice's dispositive motion is untimely under the Court's Second Amended Scheduling Order, which provides that the deadline for motions to dismiss was February 16, 2026 (Dkt. #101). However, it was only until February 5, 2026, that the Court granted Trice's Motion to Set Aside the Clerk's Entry of Default (Dkt. #126). As such, because Defendant filed the instant Motion shortly thereafter based on a jurisdictional issue, the Court considers Trice's Motion.

defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish personal jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 585 (5th Cir. 2014).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court determines whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *Id.*

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Continuous and systematic contacts with a forum is a difficult standard to meet, requiring extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992). However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 610.

Specific jurisdiction is proper when the plaintiff alleges a cause of action "arising out of or related to the defendant's contacts with the forum [state]." *Helicopteros*, 466 U.S. at 414 n.8. For a court to exercise specific jurisdiction, the court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e., purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002), *abrogated on other grounds by Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their actions." *Burger King Corp.*, 471 U.S. at 473 (quoting *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated" or of the "unilateral activity of another party or third person." *Id.* at 475 (citation modified).

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). "In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies." *Sangha v. Navig8 ShipManagement Priv. Ltd.*,

5

882 F.3d 96, 102 (5th Cir. 2018). "[I]t is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 759–60 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## II.    Service of Process

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "This 'good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam) (unpublished) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

**ANALYSIS**

Trice urges the Court to dismiss Plaintiff's claims against him for the following reasons: (1) lack of personal jurisdiction (Dkt. #130 at pp. 5–8, 9–10); and (2) insufficient service of process (Dkt. #130 at p. 9). The Court considers each argument below.

## I.    Personal Jurisdiction

The Court begins with the jurisdictional issue: whether it has personal jurisdiction over Trice. In his Motion, Trice argues that Plaintiff has not alleged and cannot show Trice is a resident

of Texas, domiciled in Texas, or maintains continuous and systematic contacts with Texas (Dkt. #130 at p. 6). Trice further argues Plaintiff cannot establish his purposeful availment, cannot demonstrate that its claims arise out of or relate to any Texas-directed conduct by him, and cannot show that exercising jurisdiction would be fair or reasonable (Dkt. #130 at p. 8).

In its response, Plaintiff—whose burden it is to establish that in personam jurisdiction exists—argues that the Court has personal jurisdiction over Trice for two reasons: (1) RICO's nationwide service of process provisions allow the Court to exercise jurisdiction over a non-resident defendant, like Trice, because of his minimum contacts with the United States; and (2) even without RICO's statutory authority, Trice has sufficient minimum contacts with Texas to establish specific jurisdiction (Dkt. #133 at pp. 3–8). The Court considers each argument in turn.

### A.    RICO's Nationwide Service of Process Provision

Plaintiff argues that an exception exists to the ordinary minimum-contacts analyses courts conduct—that is when a suit is brought under a federal statute that provides for nationwide service of process (Dkt. #133 at p. 3). Indeed, the Court can validly exercise personal jurisdiction over Trice, a non-resident defendant when: (1) a statute authorizes service of process on him; and (2) the service of process comports with the Due Process Clause. *Energium Health v. Gabali*, No. 3:21-CV-2951-S, 2022 WL 16842660, at *8 (N.D. Tex. Nov. 9, 2022) (citing *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997)).

Plaintiff directs the Court to *Busch v. Buchman, Buchman & O'Brien, L. Firm*, 11 F.3d 1255 (5th Cir. 1994). In that case, the Fifth Circuit reversed a trial court that held it lacked jurisdiction under 15 U.S.C. § 78aa, a provision of the Securities Exchange Act which grants nationwide service of process to any federal court where "any act or transaction constituting the violation occurred." *Busch*, 11 F.3d at 1256. Specifically, the trial court concluded that under the Due Process Clause of

the Fifth Amendment, it could not exercise personal jurisdiction over the defendant, a New York law firm, because the company lacked minimum contacts with Texas. *Id*. The Fifth Circuit found that "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Id*. at 1258. The Fifth Circuit reasoned that because "the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States." *Id*. Because the Court found that the defendant had minimum contacts with the United States and resided therein, the trial court had personal jurisdiction. *Id*.

In its reply, Defendant argues that *Bush* "does not eliminate the need to satisfy the statutory requirements of the specific federal statute being invoked," and "civil RICO does not automatically authorize nationwide jurisdiction over every defendant named in a complaint" (Dkt. #134 at p. 3). The Court agrees.

18 U.S.C. § 1965, the civil RICO provision Plaintiff invokes, authorizes nationwide service of process just like the relevant provision of the Securities Exchange Act at issue in *Bush*. However, RICO's nationwide service of process provisions differ, and "[a] circuit split persists on the issue of which subsection of § 1965 confers nationwide service of process."[3] *Energium*, 2022 WL

---

[3] 18 U.S.C. § 1965 reads as follows:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

16842660, at *8 (citing *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 779 (N.D. Tex. 2008) (collecting cases and generally describing the nature of the circuit split)). "While the Fourth and Eleventh Circuits have held that § 1965(d) authorizes nationwide service of process, the majority of circuits considering the question have concluded that § 1965(b) grants nationwide service of process." *Id*.

Plaintiff does not acknowledge the issue of which subsection of § 1965 confers nationwide service of process (*See* Dkt. #133 at p. 4 ("Consistent with these decisions, and the language of Section 1965(b) and (d), allowing for service in 'any district court,' or 'any judicial district,' RICO provides for nationwide service of process.")). However, the distinction between whether § 1965(b) or § 1965(d) authorizes nationwide service of process is critical to the Court's personal jurisdiction determination "because the § 1965(b) courts read the statute to limit nationwide service of process to other defendants *only after* the plaintiff can establish personal jurisdiction of *at least one* defendant under § 1965(a)." *Id*. (emphasis added). Instead, Plaintiff asserts that the only relevant issue is "whether defendants have sufficient minimum contacts with the United States" (Dkt. #133 at p. 4 (quoting *Rolls-Royce Corp.*, 576 F. Supp. 2d at 782)).

---

(b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

(c) In any civil or criminal action or proceeding instituted by the United States under this chapter in the district court of the United States for any judicial district, [subpoena] issued by such court to compel the attendance of witnesses may be served in any other judicial district, except that in any civil action or proceeding no such [subpoena] shall be issued for service upon any individual who resides in another district at a place more than one hundred miles from the place at which such court is held without approval given by a judge of such court upon a showing of good cause.

(d) All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

Another court in the Eastern District of Texas has explored this issue and adopted the Second Circuit's analysis. *ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 685 (E.D. Tex. 2020) (citing *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 70–71 (2d Cir. 1998) (holding that § 1965(b), and not § 1965(d), governs the exercise of personal jurisdiction under RICO because "[§] 1965 makes sense only if all of its subsections are read together . . . § 1965(a) and (c) [are] equally important to a coherent understanding of the meaning and functioning of the statute, particularly for the purpose of interpreting the terms 'other parties' and 'other process' in §§ 1965(b) and (d), respectively.")). The Court also finds the Second Circuit's analysis persuasive; thus, the Court will follow the *ESPOT* court and find that § 1965(b) requires plaintiffs to establish personal jurisdiction over at least one defendant under § 1965(a) before the other RICO defendants can be subject to nationwide service of process under § 1965(b). *See Energium*, 2022 WL 16842660, at *8; *see also Rolls-Royce*, 576 F. Supp. 2d at 780–81 ("[A] plaintiff must establish personal jurisdiction over one of the defendants under § 1965(a) before relying on RICO's nationwide service of process provision to obtain personal jurisdiction over other defendants.").

So, Plaintiff's burden is to first establish personal jurisdiction over any *other* Defendant under § 1965(a), the "anchor" defendant, before relying on RICO's nationwide service of process provision to obtain personal jurisdiction over Trice, a non-resident—that is, Plaintiff must first show that any one of the Defendants in this case "resides, is found, has an agent, or transacts his affairs" in Texas. 18 U.S.C. § 1965(a). In its Response, Plaintiff did not do this. Defendant argues as much—"Plaintiff has failed to satisfy the statutory prerequisites for invoking RICO's nationwide service provision" (Dkt. #134 at p. 3).

Although the Court is not in the habit of raising arguments on its own, the Court will make an independent determination of whether any one of the Defendants in this case satisfies the § 1965(a) threshold. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore *they must raise and decide jurisdictional questions* that the parties either overlook or elect not to press . . . [a jurisdictional rule] governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction." (emphasis added)).

Again, 18 U.S.C. § 1965(a) states: "Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." In its Complaint, Plaintiff alleges that during the relevant period, and through the date of the filing, Olootu resided in Allen, Texas (Dkt. #61 at ¶¶ 7, 13). As such, Olootu is an appropriate defendant under § 1965(a). Having decided that Plaintiff can satisfy § 1965(a) as to Olootu, the Court must now determine whether RICO's nationwide service of process provision, 18 U.S.C. § 1965(b), grants personal jurisdiction over Trice. *Energium*, 2022 WL 16842660, at *8.[4]

18 U.S.C. § 1965(b) states that in RICO actions, when "it is shown that the ends of justice require," the "other parties residing in any other district" may be brought before the Court, the Court may summon these parties, and process for that purpose may be served in any judicial district of the United States. The determination of when Plaintiff has shown that the "the ends of justice

---

[4]   In addition to Olootu, a Texas resident, Defendant Expo Petroleum Oil and Gas USA, LLC ("Expo") is a Texas limited liability company (Dkt. #61 at ¶ 12). Although Trice avers he has no connections to Texas, he does not dispute that Olootu and Expo may reside, be found, have an agent, or transact their affairs in Texas.

require" bringing non-resident parties before a court also remains unresolved in the Fifth Circuit. *ESPOT, Inc.*, 492 F. Supp. 3d at 6860.

In short, some courts have held that plaintiffs are required to "show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986); *see also Hawkins v. Upjohn Co.*, 890 F. Supp. 601, 605 (E.D. Tex. 1994). Other courts have "declined to impose such a narrow construction of its meaning in light of the congressional directive to 'liberally construe RICO to effectuate its remedial purposes,' and noted its tension with the meaning of 'the ends of justice' in other, similar contexts." *ESPOT*, 492 F. Supp. 3d at 686 (quoting *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1231–32 (10th Cir. 2006) (citation modified)); *see also Rolls-Royce*, 576 F. Supp. 2d at 781–82 (finding the defendants' contacts with the United States render them amenable to service of process under § 1965(b), and thus, for the same reason, the court's exercise of personal jurisdiction over those defendants under § 1965(b) satisfies due process concerns).

The Court will consider both camps. First, neither party contends there is another United States District Court that will certainly have personal jurisdiction over all Defendants as to the RICO claims. Indeed, the parties are scattered nationally and internationally (Dkt. #61 at ¶¶ 11–24). However, Plaintiff did allege that *all* Defendants had contacts with, and impact in, one state—Texas (Dkt. #133 at p. 5). Specifically, Plaintiff avers the following: (1) "[d]uring the relevant period, Plaintiff acted as a broker in the transactions at issue to persons who resided in Texas and were engaged in business in Texas"; (2) "[s]everal of the in-person meetings with respect to the transactions at issue took place in Dallas, Texas and Houston, Texas"; and (3) "[m]ultiple wire transfers at issue were sent to and/or received from a bank located in Allen, Texas or McKinney,

Texas" (Dkt. #61 at ¶ 7; *see also* Dkt. #130 at p. 5 ("In any event, Trice was part of an alleged enterprise that had numerous contacts with, and impact in, Texas, including, among others: Texas-based Expo Petroleum; Texas resident Mayomi Olootu; meetings held in Dallas and Houston; and mire transfers involving Texas financial institutions." (citation modified))).

Second, by liberally construing RICO's nationwide-service-of-process provision, the Court finds that the ends of justice require summoning Trice, a Florida resident, into this forum. *Energium*, 2022 WL 16842660, at *10 ("In a RICO action, the 'ends of justice' require nationwide service of process to further the Congressional intent of allowing 'plaintiffs to bring all members of a nationwide [ ] conspiracy before a court in a single trial." (internal quotations marks omitted) (quoting *Allstate Ins. Co. v. Plambeck*, No. 3-08-CV-0388-M, 2009 WL 347423, at *3 (N.D. Tex. Feb. 11, 2009))). Accordingly, the Court finds that, because there is no other jurisdiction that clearly has personal jurisdiction over every Defendant as to the RICO claim and Trice has minimum contacts with the United States, the ends of justice require the Court to exercise personal jurisdiction over Trice, so long as § 1965(a) can be satisfied as to one Defendant.[5]

### B.    Defendant's Minimum Contacts with Texas

Because the Court has determined it can exercise personal jurisdiction over Trice under the nationwide service of process provisions of RICO and pendent personal jurisdiction over the state law claims, the Court need not engage in the traditional minimum contacts and Due Process analysis. Nonetheless, the Court considers the parties' briefing on this issue.

---

[5] Although the parties do not brief the issue, the Court finds Plaintiff's state law claims for civil conspiracy and fraud are subject to pendent personal jurisdiction because they arise out of the same nucleus of operative fact as Plaintiff's RICO claim. *See Energium*, 2022 WL 16842660, at *10 ("When a court has personal jurisdiction over the defendant on one claim, the court can exercise pendent personal jurisdiction over the same defendant on all other claims arising out of the same nucleus of operative fact." (quoting *ESPOT*, 492 F. Supp. 3d at 700)).

Plaintiff argues that "[e]ven without RICO's nationwide jurisdiction provision, Trice has sufficient minimum contacts with Texas" (Dkt. #133 at p. 5). Again, the Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire*, 963 F.2d at 93. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316. Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson*, 20 F.3d at 647.

Here, Plaintiff argues the Court has specific jurisdiction over Trice (Dk. #133 at p. 5). Plaintiff alleges that Trice repeatedly spoke to Thompson, Plaintiff's founder and representative in the transactions at issue, via telephone, while Thompson was in Texas (Dkt. #61 at ¶ 2). It was during these calls that Trice connected Plaintiff to the various sellers and buyers in the oil and gas industry involved in the transactions at issue, which Plaintiff now avers were the multiple participants in the fraudulent enterprise (Dkt. #61 at ¶¶ 2–3, 6–7, 20; Dkt. #133 at p. 5).

Some of the allegations in Plaintiffs' Complaint are controverted by Trice's Declaration (Dkt. #130-2). Trice states that, other than "simple introductions" between Plaintiff and Expo, "neither Archer Energy Corporation nor I were part of any agreement, contract, or decision" (Dkt. #130 at ¶ 3). Trice further declares that "[n]o money was exchanged between [Plaintiff] and myself or Archer Energy Corporation and [Plaintiff]," and he has "never entered into any agreement or contract with Plaintiff" (Dkt. #130-2 at ¶¶ 4–6). Trice, however, does not dispute that he sent communications to Thompson, who he knew was in Texas, or otherwise contest that the introductions he facilitated occurred via telephone while Plaintiff was in Texas.

"[M]ore than 25 years of Fifth Circuit jurisprudence holds that a single communication by a nonresident defendant aimed at the forum state is enough to satisfy the purposeful availment requirement of the due process minimum contacts inquiry where the content of the communication gives rise to a claim of fraud." *AIX Energy, Inc. v. Averett*, No. 3:13-CV-01451-N, 2013 WL 12363629, at *3 (N.D. Tex. Nov. 25, 2013) (internal quotation marks omitted) (quoting *Staton Holdings, Inc. v. Hilton Apparel Grp.*, 2007 WL 1964635, at *4 (N.D. Tex. 2007) (collecting cases)). Accordingly, because of Trice's alleged conspiratorial and fraudulent conduct, which was directed at and occurred in Texas, Plaintiff has demonstrated a prima facie case for specific personal jurisdiction over Trice.

The Court now turns to Trice's last argument regarding personal jurisdiction—that exercising jurisdiction over him would be unfair or unreasonable (Dkt. #130 at p. 9). Under this argument, it is Trice's burden to show that the exercise of jurisdiction is "unfair and unreasonable." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018). "In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies." *Id.* "[I]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 759–60 (quoting *Wien Air Alaska*, 195 F.3d at 215).

Here, Trice argues that because of his purported lack of contacts with Texas, litigating in this forum would impose an unjustifiable burden on him (Dkt. #130 at p. 10). Trice further argues

15

that there is no evidence that Texas provides a "uniquely convenient forum" for claims against him, "nor that interstate efficiency would be promoted by maintaining claims against a defendant who lacks forum contacts" (Dkt. #130 at p. 10).

The Court has already determined that Trice's alleged conspiratorial and fraudulent conduct was directed at and occurred in Texas. Further, Plaintiff's purported lack of evidence Trice complains of does not satisfy *his* burden to show that the exercise of jurisdiction is "unfair and unreasonable." *Sangha*, 882 F.3d at 102. Finally, Trice offers only conclusory restatements of the law relating to the interests of Texas in adjudicating this case, the interstate judicial systems interest in the most efficient resolution of this case, and the inconvenience of this forum. This is insufficient to meet his burden. "Although [the defendant] suggests that travel and expenses related to litigating the case in Texas would be inconvenient or burdensome for him, the Court finds that they do not present a reason of constitutional magnitude to decline personal jurisdiction as unfair or unreasonable." *ESPOT*, 492 F. Supp. 3d at 691.

As such, absent "a compelling case that the presence of some considerations would render jurisdiction unreasonable," the Court finds that exercising personal jurisdiction over Trice is fair and reasonable. *Burger King Corp.*, 471 U.S. at 462. Accordingly, the Court finds that Trice's motion to dismiss Plaintiff's claims under Rule 12(b)(2) should be denied.

## II.     Service of Process

The Court continues with Trice's next argument to dismiss Plaintiff's claims under Rule 12(b)(5) for insufficient service of process (Dkt. #130 at p. 9). Trice argues that because he has never been served with the First Amended Complaint, Plaintiff cannot show valid service of the *operative* complaint (Dkt. #130 at p. 9; Dkt. #134 at p. 4).

16

Rule 12(b)(5) allows a party to file a motion to dismiss for insufficient service of process. FED. R. CIV. P. 12(b)(5). Under Rule 4, a plaintiff must properly serve a defendant within 90 days after filing the complaint. FED. R. CIV. P. 4(m). However, with respect to amended pleadings, "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." FED. R. CIV. P. 5(a)(2).

Here, Trice was served with the Original Complaint and Summons on March 29, 2024, and delivery of the Original Complaint and Summons against Trice was returned executed on April 7, 2024 (Dkt. #23). Trice did not answer. Then, on October 16, 2024, Plaintiff filed its First Amended Complaint, in which Plaintiff asserts the same claims against Trice as it did in the Original Complaint (*Compare* Dkt. #1, *with* Dkt. #61). Because it is undisputed that Trice had notice of this action when he was served with the Original Complaint more than two years ago, was already in default when the First Amended Complaint was filed, has since appeared through counsel, and can otherwise access the operative complaint, the Court finds dismissal is not warranted.

Accordingly, the Court denies the instant motion under Rule 12(b)(5).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Jim Trice Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; Declaration of Jeff Katofksy and Jim Trice in Support Thereof (Dkt. #130) is hereby **DENIED**.

**IT IS SO ORDERED.**

17

**SIGNED this 11th day of May, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE