# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| XLINK RESOURCE GROUP, LLC,<br><br>*Plaintiff*,<br>v.<br><br>EXPO PETROLEUM OIL AND GAS USA, LLC, MAYOMI OLOOTU, JAMES UDUAK UBOM, ARCHER TACTICAL GROUP, ARCHER ENERGY CORPORATION, DAVID TOLLAKSEN, JIM TRICE, UBOM LAW GROUP, SHELL PLC, BCS NEDERLAND, MATT JAMESON, MIKE BONNELL, and BOYD CHISHOLM<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-35<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Vacate the August 27, 2026 Order and Reinstate the Case (the "Motion") (Dkt. #155). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

Plaintiff filed this action on January 12, 2024 (Dkt. #1). Plaintiff alleges that Defendants orchestrated a complex business scheme to defraud Plaintiff (Dkt. #61). The facts are more thoroughly set out in the Court's Memorandum Opinion and Order signed August 20, 2025 (Dkt. #106).

This action approached its trial date, but Plaintiff failed to file any of its pretrial filings. Specifically, Plaintiff never filed any of the following with the Court: (1) a joint pretrial order; (2) Plaintiff's proposed jury instructions; (3) Plaintiff's proposed verdict form; (4) Plaintiff's

objections to witnesses, deposition extracts, and exhibits; (5) Plaintiff's motions in limine; and (6) several other filings, though optional, such as a notice of intent to offer certified records or a motion for summary judgment (*See* Dkt. #101 at pp. 2–3). Months of silence passed. The Court then dismissed several of Plaintiff's claims for want of prosecution (Dkt. #154).[1]

On September 4, 2026, Plaintiff filed the present Motion, requesting that the Court vacate its Order of Dismissal and reinstate the action as to several Defendants (Dkt. #155). Defendants Expo Petroleum Oil and Gas USA, LLC and Mayomi Olootu filed a Response (Dkt. #157). The Motion is now ripe for adjudication.

## LEGAL STANDARD

### I. Motion to Reconsider Standard

A court may reconsider its prior order under either Federal Rule of Civil Procedure 54(b), 59(e), or 60(b), depending on the circumstances. The Fifth Circuit has "explained that Rule 59(e) governs motions to alter or amend a final judgment, while Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Lozano v. Baylor Univ.*, No. 6:16-cv-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (citation modified) (quoting *Austin v. Kroger Tex., LP*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [under Rule 54(b)].'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (citation modified).

[1] The Court dismissed the claims against several Defendants, but did not dismiss Plaintiff's claims against Defendant Shell PLC, as a pending Motion for Default Judgment remained (*See* Dkt. #154 at pp. 2–3).

For reasons stated below, the Court's Order of Dismissal was interlocutory, and the Court will therefore reconsider it under Rule 54(b) (*See* Dkt. #154). *See* FED R. CIV. P. 54(b).

## II. Dismissal for Want of Prosecution Standard

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for a plaintiff's "failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018) (footnote omitted). "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (citations omitted). "Dismissal with prejudice is appropriate only when there is a 'showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interest of justice.'" *Griggs*, 905 F.3d at 844 (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)). At least one of three aggravating factors will usually accompany a case dismissed under Rule 41(b): "(1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Stearman v. Commissioner*, 436 F.3d 533, 535 (5th Cir. 2006) (citation omitted).

## ANALYSIS

Parties must meet their deadlines. If a party cannot meet its deadline, it should let the Court know. Plaintiff missed several deadlines in this case, and provided no explanation in the months following those deadlines. Only after the Court dismissed several claims for want of prosecution, Plaintiff filed a briefing with this Court, in which Plaintiff mysteriously avers that the Court is the *actual* reason why Plaintiff never filed any of its pretrial papers (Dkt. #154; Dkt. #155 at pp. 4, 9). Plaintiff's characterization is mistaken. Still, the Court will vacate its prior Order of Dismissal, as the Court recognizes the serious sanction of dismissing a case with prejudice.

## I. Interlocutory Order or Final Judgment

The first issue is what standard of review the Court should apply in reconsidering its Order of Dismissal. As previously discussed, the Court applies different standards when reconsidering final judgments as opposed to interlocutory orders. *See Lozano*, 2018 WL 3552351, at *1 (citation omitted). Therefore, the Court must determine whether its Order of Dismissal was a final judgment, reviewed under Rule 59(e), or an interlocutory order, reviewed under Rule 54(b). *See id.*

The Court's Order of Dismissal was an interlocutory order because it left matters pending as to certain parties. An order is a non-final, interlocutory order if it "resolves 'the rights and liabilities of fewer than all the parties . . . .'" *Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) (quoting FED. R. CIV. P. 54(b)). Plaintiff correctly points out that the Order of Dismissal dismissed claims against five Defendants, but did not dismiss any of Plaintiff's claims against Defendant Shell PLC (Dkt. #155 at pp. 13–14; Dkt. #154 at pp. 2–3). The Court did not dismiss claims against Defendant Shell PLC because Plaintiff had—and still has—a pending Motion for Default Judgment against Defendant Shell PLC (Dkt. #154 at p. 1 n.1). As such, the Court's Order of Dismissal did not resolve the rights and liabilities of all parties, and the Order was interlocutory. *See Williams*, 958 F.3d at 347.

Because this Motion requests the Court to reconsider an interlocutory Order of Dismissal, the Court applies Federal Rule of Civil Procedure 54(b). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

Applying this standard, the Court now considers whether Plaintiff's claims should be dismissed for want of prosecution.

**II. Dismissal for Want of Prosecution**

The Court will reinstate the action because Plaintiff's delay, while inexcusable, does not warrant the substantial sanction of dismissal with prejudice at this time. "A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citation modified).

**A. With or Without Prejudice**

The issue is whether the Court's dismissal was with or without prejudice. When a court dismisses a time-barred claim, "a dismissal without prejudice is no less severe of a sanction than a dismissal with prejudice, and the same standard of review is used." *Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (citation modified). Plaintiff argues that the Court's dismissal should be treated as a dismissal with prejudice because Plaintiff's claims will otherwise be time-barred by RICO's four-year statute of limitations. *See Lewis v. Danos*, 83 F.4th 948, 955 (5th Cir. 2023).

Here, the Court will treat its dismissal as a dismissal with prejudice because Plaintiff's RICO claims would be time-barred by a dismissal. "[A] civil RICO claim accrues when the plaintiff discovers, or should have discovered, the injury . . . ." *Id.* Plaintiff submits that its claims were discovered in April 2022, and the limitations period therefore expired before the Court dismissed the action (Dkt. #155 at p. 19). Because Plaintiff's claims accrued over four years ago, the Order of Dismissal barred Plaintiff from refiling its claims, and the Court therefore treats that dismissal as one with prejudice. *See Lewis*, 83 F.4th at 955; *Campbell*, 988 F.3d at 801 n.1.

**B. Whether Dismissal with Prejudice is Justified**

The next issue is whether Plaintiff's delay warranted the Court's dismissal with prejudice. A district court's dismissal with prejudice is "appropriate where there is (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) when lesser sanctions would not serve the best interests of justice." *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 264 (5th Cir. 2026) (citation modified). The Court will consider each factor in turn.

**1. Clear Record of Delay**

There is a clear record of delay in this case. Typically, a clear record of delay justifying dismissal involves either (1) delay caused by the plaintiff, as opposed to the plaintiff's counsel; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct. *Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 769 (E.D. Tex. 2014) (citing *Coleman v. Sweetin*, 745 F.3d 756, 766 n.9 (5th Cir. 2014)). It is not strictly necessary that the Court identify one of these aggravating factors. *Savage v. LaSalle Mgmt. Co.*, 169 F.4th 553, 557 (5th Cir. 2026). Before determining whether the dismissal was justified, the Court will consider whether the delay is clear. *See id.*

Here, there is a clear record of delay because Plaintiff failed to file any pretrial documents with the Court in the roughly four months that it had an ongoing obligation to file its pretrial matters (*See* Dkt. #101 at pp. 2–3). By failing to disclose any of its pretrial contentions or evidence, Plaintiff's delay substantially disadvantaged Defendants in defending their case. *See Savage*, 169 F.4th at 557–58 ("[P]ermitting Plaintiff to present evidence at trial would prejudice Defendants because they would have no meaningful opportunity to examine the evidence and mount a defense . . . .").

Plaintiff argues that the delay in this action is attributable to the Court. Specifically, Plaintiff explains, "Most importantly, on July 2, the Court expressly cancelled the Final Pretrial Conference because of its own civil trial docket and stated that the trial and conference would be reset." (Dkt. #155 at pp. 8–9). There is a glaring problem with Plaintiff's argument. The Court cancelled the Final Pretrial Conference over a month *after* Plaintiff missed its pretrial deadlines (Dkt. #101). In other words, the Court's cancellation could not have possibly caused Plaintiff to miss its filing deadlines.

Likewise, Plaintiff argues that part of the delay is attributable to Defendants' conduct. The Court acknowledges that Plaintiff identified several communication difficulties that it had with Defendants in this action (Dkt. #155 at pp. 4–10). But this highlights a central misunderstanding underlying Plaintiff's motion. Even though Plaintiff faced obstacles in reaching its pretrial deadlines, those obstacles did not excuse Plaintiff from its obligation to communicate with the Court, as opposed to leaving the Court in radio silence for the months following those deadlines. *See Barrett v. A. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (explaining the obligation to "have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible"); *SCHST, Inc. v. Certain Underwriters at Lloyd's, London*, No. 4:21-CV-02935, 2024 WL 2866393, at *1 (S.D. Tex. Feb. 20, 2024) ("Plaintiff is expected to proactively seek an extension of time if it will not be able to comply with a deadline."); *Zinamon v. STR Transport, Inc.*, No. CV 19-656-SDD-EWD, 2020 WL 7138625, at *3 n.24 (M.D. La. Dec. 7, 2020) ("[P]arties must still seek timely relief from the Court if they do not have time to meaningfully confer and meet the scheduling order deadlines."). Plaintiff's months of inactivity after missing its pretrial deadlines demonstrates a clear record of delay. *See Savage*, 169 F.4th at 557–58.

The Fifth Circuit also considers the length of the delay when reviewing dismissals for want of prosecution. *E.g. Louisiana v. Sparks*, 978 F.2d 226, 233 (5th Cir. 1992); *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) (unpublished). The Court will consider the length of the delay in the section below when determining whether there is an appropriate lesser sanction.

**2. Appropriate Sanction**

The Court now must consider whether dismissal with prejudice is an appropriate sanction for Plaintiff's delay. "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *In re Deepwater Horizon*, 988 F.3d 192, 198 (5th Cir. 2021) (citation modified). "[T]here is no bright-line rule on the requisite period of inactivity . . . ." *Miller v. Ohio Sec. Ins. Co.*, No. 24-30740, 2025 WL 3034704, at *4 (5th Cir. Oct. 30, 2025) (per curiam) (unpublished).

To consider whether dismissal is warranted in this case, the Court will compare this case to similar ones within the Fifth Circuit. In *Campbell v. Wilkinson*, the Fifth Circuit indicated that a plaintiff's 45-day delay in obtaining local counsel was likely insufficient, on its own, to warrant dismissal. 988 F.3d at 802. On the other hand, the Fifth Circuit has affirmed a dismissal with prejudice where a plaintiff failed to serve a defendant for 21 months. *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 477–78 (5th Cir. 1981). Here, Plaintiff's delay lasted 126 days—up until the day of dismissal—and therefore falls somewhere between several cases that the Fifth Circuit

has reviewed.[2] *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419 n.7 (5th Cir. 2006) (collecting cases). One other case is instructive and suggests that dismissal is not appropriate in this circumstance.

In *Hurman v. Port of Houston Authority*, the Fifth Circuit held that a plaintiff's failure to file a pretrial order did not warrant dismissal with prejudice. 990 F.2d 626, 1993 WL 117842, at *3 (5th Cir. 1993) (per curiam) (unpublished). There, the district court decided to dismiss the action less than one month after the plaintiff's failure to file a pretrial order. *Id.* The Fifth Circuit, in an unpublished opinion, concluded that the district court had neither established a clear record of delay nor shown the futility of lesser sanctions. *Id.*

Here, the Plaintiff's delay is a closer call, as it was roughly a hundred days longer than the delay present in *Hurman* (*See* Dkt. #101 at pp. 2–3). *See Hurman*, 1993 WL 117842, at *3. Nevertheless, the Court acknowledges that dismissal with prejudice is an extreme sanction. *See Deepwater Horizon*, 988 F.3d at 198. As Plaintiff has since explained some of its difficulties in compiling its pretrial filings, the Court finds that an explicit warning is a more appropriate remedy at this time (*See* Dkt. #155 at pp. 4–10). *See Deepwater Horizon*, 988 F.3d at 198. This decision aligns with the Fifth Circuit's instruction that dismissal with prejudice generally requires delays longer than just a few months. *See McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988). As such, the Court will provide an updated Scheduling Order, and Plaintiff is on notice that further failure to comply with deadlines may result in sanctions, including dismissal with prejudice.

[2] Defendant argues that Plaintiff's delay began even earlier, and should be characterized as 139 days (Dkt. #157 at p. 1). This earlier date is the date that the Scheduling Order required parties to submit any notice of intent to offer certified records, which Plaintiff did not file (Dkt. #101 at pp. 2–4). However, parties need not offer certified records at trial, so the Court will only count the delay from the date the Joint Final Pretrial Order was due.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Vacate the August 27, 2026 Order and Reinstate the Case (Dkt. #155) is hereby **GRANTED.**

It is further **ORDERED** that the Court's Order of Dismissal, Signed August 27, 2026, which dismissed claims against Defendants Expo Petroleum Oil and Gas USA, LLC; Mayomi Olootu; James Uduak Ubom; Jim Trice; and Ubom Law Group, PLLC is hereby **VACATED**.

It is further **ORDERED** that the Clerk of the Court **REOPEN** this action, and to mark both the Motion to Withdraw as Attorney (Dkt. #151) and the Motion for Entry of Default Damages Award (Dkt. #153) as pending. The Court will issue a new Scheduling Order at a later date.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE